# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BYRON DEAN WALLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:12CV00716 ERW |
| ST. CHARLES COUNTY SHERIFF'S OFFICE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon transfer from the United States District Court for the Northern District of Florida.[1]

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose

---

[1] Prior to transferring the instant case, the United States District Court for the Northern District of Florida granted plaintiff in forma pauperis status and collected his initial partial filing fee.

of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Amended Complaint**

Plaintiff, an inmate at the Suwannee Correctional Institution Annex in Live Oak, Florida, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants John Doe (Sheriff) and St. Charles County Sheriff's Office. Plaintiff alleges that the St. Charles County Sheriff's Office and "detectives and officers who were employed by [the Sheriff's Office] . . . failed to shut down a critical drug house," causing the wrongful death of plaintiff's son, James Byron Waller. Plaintiff claims that the drug house was "under a lengthy investigation by the St. Charles County Sheriff's Office's Drug Task [F]orce," and that this on-going investigation caused his son's death. Plaintiff contends that defendants should have "shut down or busted this critical drug

2

house" and that they "showed negligence, willingly and recklessly by allowing this drug house to operate."

## Discussion

Having carefully reviewed the complaint, the Court will dismiss this action pursuant to § 1915(e)(2)(B). As with police departments, a sheriff's office is not a suable entity under § 1983. *See De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992)(police departments are not suable entities under § 1983). Furthermore, mere negligence does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986)(Fourteenth amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd*

*v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(theory of supervisory liability is inapplicable in § 1983 suits). Plaintiff does not set forth any facts indicating that the defendant John Doe sheriff was directly involved in or personally responsible for the violation of plaintiff's constitutional rights. Accordingly, plaintiff's claims are legally frivolous.

As an additional ground for dismissing this action, the Court notes that plaintiff is bringing this action against the John Doe sheriff in his official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits brought directly against the public entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. *Brandon v. Holt*, 469 U.S. 464, 473 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Because plaintiff does not claim that a public entity's policy or custom was responsible for the alleged constitutional violations, the complaint fails to state a claim or cause of action under § 1983 as to the John Doe defendant in his official capacity. In addition, plaintiff's conclusory assertion that the St. Charles County Sheriff's Office "created a policy or custom under which Constitutional rights were violated" is not entitled to an

assumption of truth and is insufficient to state a claim or cause of action under § 1983 as to the individual John Doe defendant in his official capacity. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009)(legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth).

For these reasons, this action is legally frivolous and will be dismissed, without prejudice, under § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall docket this case as *Bryon Dean Waller v. St. Charles County Sheriff's Office and John Doe Sheriff.*

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 15th Day of May, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE